**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:06-CR-0230-WKW** |
| | ) | |
| | ) | |
| **AFZAL A. KHAN** | ) | |

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS**

     **COMES NOW** the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and respectfully requests that the following Jury

Instructions be given to the jury in the above-styled cause.   All of the instructions are 11th Circuit

Pattern Instructions, as amended in 2003, except proposed instruction number 12 has been crafted

to be consistent with the substantive offense identified in Title 18, United States Code, Section

2261(a)(1) (no existing pattern instruction in any federal circuit) and related definitions; and, number

13 which discusses conjunctive charging and disjunctive proof, with caselaw in support thereof.

     Respectfully submitted this the 26th day of January, 2007.

                                                        LEURA G. CANARY
                                                        UNITED STATES ATTORNEY

                                                        /s/Todd A. Brown
                                                        TODD A. BROWN
                                                        Assistant United States Attorney
                                                        One Court Square, Suite 201
                                                        Montgomery, AL 36104
                                                        Phone: (334)223-7280
                                                        Fax: (334)223-7135
                                                        E-mail: todd.brown@usdoj.gov
                                                        ASB-1901-O64T

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:06-CR-0230-WKW** |
| | ) | |
| | ) | |
| **AFZAL A. KHAN** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/EFC system which will send notification of such filing to the following:

James W. Parkman, III, Esq.; Maurice John Steensland, III, Esq.; and, Richard Martin Adams, Esq..

Respectfully submitted,

/s/Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   1

**2.1**

**Duty To Follow Instructions**
**Presumption Of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**ANNOTATIONS AND COMMENTS**
In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also Harvell v. Naple, 58 F.3d 1541,1542(11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  2

**2.2**

**<u>Duty To Follow Instructions</u>**
**<u>Presumption Of Innocence</u>**
**<u>(When Any Defendant Does Not Testify)</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Teague</u>, 953 F.2d 1525, 1539 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 506 U.S. 842,113 S.Ct. 127, 121 L.Ed.2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; see also <u>United States v. Veltman</u>, 6 F.3d 1483,1493(11th Cir. 1993)(Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . . Although the Court charged the jury on the presumption

before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with
nary a mention of this jurisprudential bedrod.")

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   3

**3**

**Definition Of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**ANNOTATIONS AND COMMENTS**

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981 ); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  4

**4.2**

**Consideration Of The Evidence, Direct
And Circumstantial - - Argument Of Counsel
Comments By The Court**

    As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

    In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**

United States v. Clark, 506 F.2d 416 (5th Cir. 1975) cert. denied, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see also United States v. Barnette, 800 F.2d 1558,1566(11th Cir. 1986), reh'g denied, 807 F.2d 999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence

is the same as in evaluating direct evidence") (citing <u>United States v. Henderson</u>, 693 F.2d 1028, 1030 (11th Cir. 1983)).

<u>United States v. Hope</u>, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing <u>United States v. Buchanan</u>, 585 F.2d 100, 102 (5th Cir. 1978)). See also <u>United States v. Jenkins</u>, 901 F.2d 1075 (11th Cir. 1990).

<u>United States v. Granville</u>, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing <u>United States v. Phillips</u>, 664 F.2d 971,1031(5th Cir. 1981)); see also <u>United States v. Siegel</u>, 587 F.2d 721, 727 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  5

**5**

**<u>Credibility Of Witnesses</u>**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  6

**6.3**

**Impeachment**
**Inconsistent Statement**
**(Defendant Testifies With No Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

8

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   7

**9.1**

**On Or About - - Knowingly - - Willfully**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**ANNOTATIONS AND COMMENTS**

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'q denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

United States v. Diecidue, 603 F.2d 535, 548(5th Cir. 1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345,63 L.Ed.2d 781 (1980), and cert. denied, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent. See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

United States v. Kelly, 615 F.2d 378 (5th Cir. 1980) approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or guilty mind.

United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978), reh'g denied, 579 F.2d 644 (1978), cert. denied, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), reh'g denied, 439 U.S. 1104,99 S.Ct. 885,59 L.Ed.2d 65(1979); United States v. Batencort, 592 F.2d 916 (5th Cir. 1979), instruction

on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case. See Special Instruction 8.

United States v. Stone, 9 F.3d 934,937(11th Cir. 1993), reh'g denied, 19 F.3d 1448 (11th Cir. 1994), cert. denied, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth. United States v. Arias, 984 F.2d 1139 (11th Cir. 1993), cert. denied, 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993), and cert. denied, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels. See also United States v. Rivera, 944 F.2d 1563, 1570-72(11th Cir. 1991); Batencort, supra, and Special Instruction 8,infra.

United States v. Corral Martinez, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instrudion, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

United States v. Benson, 592 F.2d 257 (5th Cir. 1979); United States v. Warren, 612 F.2d 887 (5th Cir. 1980), cert. denied, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and
intentional violation of a known legal duty;" United States v. Pomponio, 429 U.S. 10,97 S.Ct. 22, 50 L.Ed.2d 12 (1976), reh'g denied, 429 U.S. 987,97 S.Ct. 510, 50 L.Ed.2d 600 (1976). See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge.
United States v. Stewart, 579 F.2d 356 (5th Cir. 1978), cert. denied, 439 U.S. 936, 99 S.Ct. 332,58 L.Ed.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

United States v. Barresi, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guifty knowledge; see also United States v. Broadwell, 870 F.2d 594, 601 n.17 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85(1989).

United States v. Knight, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.

United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), cert. denied, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); United States v. Duckett, 583 F.2d 1309 (5th Gir. 1978) approved instruction

concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.

But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  8

**10.1**

**Caution - - Punishment**
**(Single Defendant - - Single Count)**

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

**ANNOTATIONS AND COMMENTS**

United States v. McDonald, 935 F.2d 1212, 1222 (11th Cir. 1991) approved this instruction..

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  9

**11**

**<u>Duty To Deliberate</u>**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**ANNOTATIONS AND COMMENTS**

United States v. Brokemond, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction.  See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); United States v. Dunbar, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   10

**12**

## Verdict

When you go to the jury room you should first select one of your members to act as your

foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous

agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to

the courtroom.

If you should desire to communicate with me at anytime, please write down your message

or question and pass the note to the marshal who will bring it to my attention.  I will then respond

as promptly as possible, either in writing or by having you returned to the courtroom so that I can

address you orally.  I caution you, however, with regard to any message or question you might send,

that you should not tell me your numerical division at the time.

**ANNOTATIONS AND COMMENTS**

United States v. Norton, 867 F.2d 1354, 1365-66 (11th Cir. 1989), cert. denied, 491  U.S. 907, 109
S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct.  200, 107 L.Ed.2d 154 (1989) notes
that the Court should not inquim about, or disclose, numerical division of thejury during
deliberations but states that "[r]eversal may not be necessary even wtiere the trial judge undertakes
the inquiry and  thereafter follows it with an Allen charge, absent a showing that either incident or
a combination of the two was inherently coercive."  Also, United States v. Brokemond, 959 F.2d
206,209(11th Cir. 1992)approved this instruction. See also United States v. Cook, 586 F.2d 572 (5th
Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U.S. 909, 99 S.Ct. 2821, 61
L.Ed.2d 274 (1979).

14

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  11

**5**

**<u>Notetaking</u>**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __12__

**Interstate Domestic Violence**
**18 U.S.C. § 2261(a)(1)**

Title 18, United States Code, Section 2261(a)(1) , makes it a Federal crime or offense for anyone to travel in interstate or foreign commerce with intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner, and who, in the course of or as a result of such travel, commits or attempts to commit a crime of violence against that spouse or intimate partner.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant traveled in interstate or foreign commerce; |
| Second: | That the defendant traveled with intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner; |
| Third: | That during the course of or as a result of such travel, the defendant committed or attempted to commit a crime of violence against the spouse or intimate partner; and, |
| Fourth: | That the defendant acted knowingly and willfully. |

The term "spouse or intimate partner" includes a spouse or former spouse of the abuser, a person who shares a child in common with the abuser, and a person who cohabits or has cohabited as a spouse with the abuser; or a person who is or has been in a social relationship of a romantic or intimate nature with the abuser, as determined by the length of the relationship, the type of the relationship, and the frequency of interaction between the persons involved in the relationship. 18 U.S.C. § 2266(7).

16

The term "dating partner" refers to a person who is or has been in a social relationship of a romantic or intimate nature with the abuser and the existence of such a relationship based on a consideration of (A) the length of the relationship; and (B) the type of relationship; and (C) the frequency of interaction between the persons involved in the relationship.   18 U.S.C. § 2266(10).

The term "crime of violence" means (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.   18 U.S.C. § 16.

17

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __13__

## Conjunctive Charging

"[W]here an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive." United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000).

In other words, where the word "and" is used in the indictment to charge a defendant with different means by which the crime was committed, the Government need only prove one of those means beyond a reasonable doubt to convict the defendant.