IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| V. | * | CASE NO: 1:06cr230-WKW |
| AFZAL A. KHAN, | * | |
| DEFENDANT. | * | |

**DEFENDANT AFZAL A. KHAN'S MOTION IN LIMINE
RELATING TO EVIDENCE OF ANY ARSON INVESTIGATION**

COMES NOW the defendant, Afzal A. Khan, by and through his undersigned counsel or record, and moves this Court for entry of an Order preventing the Government from any mention or evidence regarding any alleged arson by the defendant. In support of this request, Defendant Khan respectfully shows the Honorable Court the following:

1. On or about October 11, 2006, Defendant Khan was indicted pursuant to Title 18, U.S.C. §2261 (a)(1). Said indictment alleges that this charge against Defendant Khan occurred on or about June 19, 2006.

2. That subsequently on June 25, 2006, the alleged victim's house caught fire and burned resulting in a state arson charge against Defendant Khan.

3. Thereafter, a controlled phone call was made by the alleged victim in this case to Defendant Khan, most of which consisted of conversations about the alleged arson of the house. [1]

4. It would appear that any discussion of admissibility of "other acts evidence" would be judged according to the principles set out in Rule 404 and 403 of the Federal Rules of Evidence. Rule 404 (b) generally states that:

---

[1] There was never any admission of any arson by the defendant.

> Evidence of other crimes, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. F.R.E. 404 (b).

One must remember that 404(b) evidence only applies to "extrinsic evidence" and not "bad acts" evidence. U.S. v. Veltman, 6 F.3d 1483, 1498 (11th Cir.1993); U.S. v. Utter, 97 F.3d 509, 513 (11th Cir.1996). The evidence of an alleged arson in this case is "extrinsic" only because it did not "arise out of the same transaction as the charged offense; it is not "necessary to complete the story" of the charged offense, and is not "inextricably intertwined with the evidence regarding the charge offense". *Supra* Veltman at 1498 and Utter at 573.

Therefore, to be admissible, the plaintiff must pass a three point test:

First, "the evidence must be relevant to an issue other than the defendant's character. U.S. v. Zapata, 139 F.3d 1355, 1357 911th Cir.1998). Any evidence of an alleged arson is completely irrelevant as to allegations contained in the indictment. Furthermore, the "extrinsic act" evidence is not substantially similar to the act made the basis of the indictment. U.S. v. Williams, 816 F.2d 1527, 1531 (11th Cir.1987); U.S. v. Martinez 127 F.3d 1314, 1331 (11th Cir.1997).

Second, the Government must establish that the alleged act of arson "be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act." U.S. v. Zappata, 139 F.3d 1355, 1357 (11th Cir.1998). As to this alleged arson, the Government has no proof that the defendant even committed this alleged crime, as well as the fact that the Government cannot establish that an arson even occurred. There neither exits any admission of guilt nor conviction to substantiate that the defendant committed an arson. [2] U.S. Martinez, 127 F.3d 1314, 1331 (11th

---

[2] The tape recording sought by the defendant to be excluded as evidence was a controlled case set up by the Houston County Sheriff's Department to gain an admission by the defendant

Cir.1497).

Third, the Government must show that "the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403." U.S. v. Zapata, 139 F.3d 1355, 1357 (11th Cir.1998). Concerning this third element it has been stated that "if the Government can do without such evidence, fairness dictates that it should..." U.S. v. Pollock, 926 F.2d 1044, 1048 (11th Cir. 1991). Next, it has been held that:

> We seek to avoid the introduction of extrinsic evidence which is likely to incite the jury to an irrational decision. Thus, the standard we apply in determining when prejudice becomes unfair requires an assessment of the heinous nature of the extrinsic offenses. If the extrinsic offenses are of such a heinous nature that they are likely to sway the jury irrevocably to a decision of guilt, then they must be excluded under rule 403. U.S. v. Eirin 778 F.2d 722, 732 (11th Cir.1985).

Therefore, the evidence of any alleged arson would only confuse the issue, mislead the jury, waste time, and involve a high risk of prejudice. F.R.E. 403.

5.      Therefore, Defendant Khan contends that any mention or evidence of any alleged arson should not be admitted as evidence against this defendant at the trial. Such would also include any mention by any Government witness or evidence of the July 5, 2006 tape recording between the victim and the defendant as set up by investigators form the Houston County Sheriff's Department for use in the state arson case.

6.      Defendant Khan requests, in limine, that the Government be prohibited from using any phone calls prior to June 19, 2006 as evidence against the defendant at trial.    Defendant Khan contends that the coverage contained in the indictment "is clearly limited to violence or harassment that occurs during or after interstate travel". U.S. v. Helem, 186 F.3d 449 (4th Cir.1999).

---

that he committed an arson.

WHEREFORE, Defendant Khan respectfully prays for the following:

A.  That this Court grant Defendant Khan's Motion in Limine;

B.  That this Court order the Government not to mention through its witnesses or produce evidence of any circumstances, facts, or charges involving arson allegations.

C.  That this Court enter an Order preventing the Government, or any of its witnesses from mentioning or producing any July 5, 2006 tape recording/conversation in its entirety, and

D.  Such other and further relief as this Court may deem just and proper.

Dated this the 19th day of January, 2007.

Respectfully submitted,

s/ James W. Parkman, III
JAMES W. PARKMAN, III(PAR032)
PARKMAN, ADAMS & WHITE, LLC
505 North 20th Street, Suite 825
Birmingham, AL 35203
(205) 244-1920
(205) 244-1171 Fax
parkman@graceba.net

## CERTIFICATE OF SERVICE

      I hereby certify that on January 29, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

**Todd A. Brown**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197

                                              s/ James W. Parkman, III
                                              PARKMAN, ADAMS & WHITE, LLC
                                              505 North 20th Street, Suite 825
                                              Birmingham, AL 35203
                                              (205) 244-1920
                                              (205) 244-1171 Fax
                                              parkman@graceba.net