IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06-CR-0230-WKW |
| | ) | |
| AFZAL A. KHAN | ) | |

**MOTION *IN LIMINE*
AND BRIEF IN SUPPORT**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and moves this Honorable Court *in limine* to exclude from the trial in this matter any evidence or mention of the matters listed below.

**I. EVIDENCE RELATED TO VICTIM'S MISDEMEANOR CONVICTION FOR POSSESSION OF DRUG PARAPHERNALIA OR DRUG USE**

1. The victim in this matter, Tiffany Jill Jones ("Jones") previously[1] pled guilty to State of Alabama charges related to possessing drug paraphernalia. The charge to which Jones pled guilty is a misdemeanor according to Alabama Law. Ala. Code § 13A-12-260(c) (1975).

2. Any evidence, testimony, or mention of this misdemeanor conviction would be improper use of character evidence. Fed. R. Evid. 404(a)(2). Further, as this conviction was neither a felony or a crime involving dishonesty or false statement, any

---

[1] The United States is attempting to ascertain the precise date of this guilty plea;

evidence, testimony, or mention of this misdemeanor conviction would not be proper for impeachment purposes. Fed. R. Evid. 609(a) and Adv. Cmte. n., 2006 ("The amendment is meant to give effect to the legislative intent to limit the convictions that are to be automatically admitted under subdivision (a)(2). The Conference Committee provided that by 'dishonesty and false statement' it meant 'crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully.' Historically, offenses classified as *crimina falsi* have included only those crimes in which the ultimate criminal act was itself an act of deceit.").

    3.   Although there is no evidence to support such, Defendant may intend to attempt to introduce into the trial an allegation that, since Jones was convicted of the above-referenced misdemeanor, she must use drugs. Any mention or testimony to this effect would also be improper use of character evidence or improper impeachment material. Fed. R. Evid. 404(a)(2), 608(b); See e.g., United States v. Clemons, 32 F.3d 1504, 1511 (11th Cir. 1994) (admission of testimony concerning defendant's previous use or sale of crack cocaine was improper where question of defendant's possible drug

---

current examination of criminal records databases does not show this guilty plea.

2

use was neither probative of his truthfulness or his capacity to testify nor relevant to the charged crime).

4. Accordingly, the United States respectfully requests this Court prevent Defendant and his counsel from mentioning, eliciting testimony, or introducing any evidence related to the misdemeanor conviction or alleged drug use by Jones at the trial in this matter.

## II. EVIDENCE RELATED TO VICTIM'S FILING FOR AND RECEIVING A PROTECTION ORDER IN A RELATIONSHIP PRIOR TO HER RELATIONSHIP WITH DEFENDANT

5. Jones and Defendant were involved in an intimate relationship from approximately January 2005 to around June 2006, a portion of which time the two were engaged to be married. Prior to Jones entering into the relationship with Defendant, Jones was in a relationship with an individual identified as John Koss ("Koss"). At the conclusion of this relationship, Jones applied for a restraining order against Koss, which was granted in Cape May County, New Jersey, on or about February 2, 2005.

6. Following the conclusion of Jones' relationship with Defendant, the incidents which form the basis for the indictment in this matter occurred. As a result, Jones filed for a protection order against Khan, which was granted in Houston County, Alabama, on or about August 10, 2006.

      7. Although these protection and restraining orders are unrelated, Defendant may attempt to introduce evidence, elicit testimony, or otherwise mention Jones' prior relationship with Koss, details of it, or the resulting restraining order, to show that Jones, was acting in conformity therewith when she filed charges, and filed for a protection order, against Defendant in this matter. Introduction of this type of evidence would be improper use of character evidence. Fed. R. Evid. 404(a). The granting of the restraining order against Koss is not otherwise material or relevant to the trial in this matter. Fed. R. Evid. 401, 402. Accordingly, the United States respectfully requests this Court prevent Defendant and his counsel from mentioning, eliciting testimony, or introducing any evidence related to Jones' prior relationship to Koss, or the restraining order filed following the conclusion of that relationship.

      8. Respectfully submitted, this the 29th day of January, 2007.

                                LEURA G. CANARY
                                UNITED STATES ATTORNEY

                                s/Todd A. Brown
                                TODD A. BROWN
                                Assistant United States Attorney
                                One Court Square, Suite 201
                                Montgomery, AL 36104
                                Phone: (334)223-7280
                                Fax: (334)223-7135
                                E-mail: todd.brown@usdoj.gov
                                ASB-1901-O64T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06-CR-0230-WKW |
| | ) | |
| AFZAL A. KHAN | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: James W. Parkman, III, Esquire; Richard Martin Adams, Esquire; and, Maurice John Steensland, III, Esquire.

    Respectfully submitted,

    s/Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: todd.brown@usdoj.gov
    ASB-1901-O64T